1  T. MATTHEW PHILLIPS, ESQ.
2  Calif. State Bar No. 165833
3  4894 W. Lone Mountain Rd., No. 132
   Las Vegas, Nevada 89130
4  Tel: (323) 314-6996
5  TMatthewPhillips@aol.com
   *Plaintiff's Counsel*
6

7              **UNITED STATES DISTRICT COURT**

8            **CENTRAL DISTRICT *of* CALIFORNIA**

9  _____

10  _____ )  **Case No.:**
                                            )
11  1.  **JASON D'SOUZA**                    )
    2.  **KRISTINA EISENACHER**              )
12  3.  **ROB EMERT**                        )  CLASS ACTION COMPLAINT
    4.  **JENNIFER GARNICA**                 )  *for* DAMAGES *and* INJUNCTION,
13                                           )  [42 U.S.C. § 1983].
    5.  **KRISTEN JOSEPH**                   )
14  6.  **RHONDA REYNA**                     )
15  7.  **PATRICIA BOONE**                   )
    8.  **MARK FIDELMAN**                    )
16  9.  **DAVID KING**                       )
17                                           )
                                             )
18            *Plaintiffs*                   )
19                                           )
                                             )
20              vs.                          )
21                                           )
    **HON. PATRICIA GUERRERO**               )
22  *In Her Honor's Official Capacity*       )
    *as Council Chair for the*               )
23  *Judicial Council of California*         )
24                                           )
                                             )
25            *Defendants*                   )
26                                           )
                                             )
27  _____ )

28

*Class Action Complaint for Damages and Injunction*, p. 1 of 14

1

COMPLAINT *for* DAMAGES *and* INJUNCTION

2

**I.      Jurisdiction, Parties, and Venue.**

3    (1)     Jurisdiction:  This court has jurisdiction pursuant to 28 U.S.C. 1331.

4    Plaintiffs' claims arise under the First and Fourteenth Amendments.

5    (2)     Venue:  Relevant events took place in state courts, including Los

6    Angeles County; *therefore*, venue is properly laid in this district court.

7    (3)     Defendant:  HON. PATRICIA GUERRERO, *California Chief Justice*,

8    *respectfully*, is sued — *in Her Honor's Official Capacity as Council Chair for*

9    *the Judicial Council of California*, policy-making body for California courts.

10   (4)     Plaintiff 1:  JASON D'SOUZA is a "fit" parent — subject to an Orange

11   County court order, (Aug. 7, 2023), that grants him no "actual parenting

12   time," *i.e.*, no "care, custody and control" of his child, [*see Troxel vs. Granville*,

13   530 U.S. 57 (2000)].

14   (5)     Plaintiff 2:  KRISTINA EISENACHER is a "fit" parent — subject to a San

15   Mateo County court order, (June 13, 2023), that grants her no "actual

16   parenting time," *i.e.*, no "care, custody and control" of her child, [*Troxel*, (*id.*)].

17   (6)     Plaintiff 3:  ROB EMERT is a "fit" parent — subject to a San Diego

18   County court order, (May 13, 2023), that grants him no "actual parenting

19   time," *i.e.*, no "care, custody and control" of his child, [*Troxel*, (*id.*)].

20   (7)     Plaintiff 4:  JENNIFER GARNICA is a "fit" parent — subject to a Los

21   Angeles County court order, (Nov. 8, 2021), that grants her no "actual

22   parenting time," *i.e.*, no "care, custody and control" of her child, [*Troxel*, (*id.*)].

23   (8)     Plaintiff 5:  KRISTEN JOSEPH is a "fit" parent — subject to a Los Angeles

24   County court order, (June 9, 2023), that grants her no "actual parenting

25   time," *i.e.*, no "care, custody and control" of her child, [*Troxel*, (*id.*)].

26   (9)     Plaintiff 6:  RHONDA REYNA is a "fit" parent — subject to a San Mateo

27   County court order, (Jan. 27, 2022), that grants her no "actual parenting

28   time," *i.e.*, no "care, custody and control" of her child, [*Troxel*, (*id.*)].

1    (10)   Plaintiff 7:  PATRICIA BOONE is a "fit" parent — subject to a Santa Clara

2    County court order, (Jan. 25, 2022), that grants her no "actual parenting

3    time," *i.e.*, no "care, custody and control" of her child, [*Troxel*, (*id.*)].

4    (11)   Plaintiff 8:  MARK FIDELMAN is a "fit" parent — subject to a San Diego

5    County court order, (Jan. 25, 2022), that grants him no "actual parenting

6    time," *i.e.*, no "care, custody and control" of her child, [*Troxel*, (*id.*)].

7    (12)   Plaintiff 9:  DAVID KING is a "fit" parent — subject to a Riverside

8    County court order, (Aug. 15, 2022), that grants him no "actual parenting

9    time," *i.e.*, no "care, custody and control" of her child, [*Troxel*, (*id.*)].

10   (13)   Jury Trial Demand:  Plaintiffs demand trial by jury, per the Seventh

11   Amendment, as well as *California Constitution*, Art. 1, Sec. 16.

12

13          **II.     Statement of the Case.**

14   (14)   Nature of the Action:  JUDICIAL COUNCIL is the policy-making body

15   for California courts.  Plaintiffs are "fit" parents who challenge its policy of

16   *not* training judges—*first*, that parenting is a fundamental right, [*Meyer vs.*

17   *Nebraska*, 262 U.S. 390 (1923)], and *second*, that judges may not issue

18   physical custody orders that grant no "actual parenting time" — *unless a*

19   *parent is found 'unfit' — i.e.*, with clear and convincing evidence of actual

20   harm to a minor child, pursuant to a properly noticed fitness proceeding.

21   (15)   Damages:  Plaintiffs seek money damages — for each day they and

22   their children were wrongfully dispossessed of fundamental rights.

23   (16)   Injunction:  To meet the People's **minimum** constitutional guarantee,

24   Plaintiffs seek an injunction requiring Defendants to train its judges, *first*,

25   that "parenting" is a fundamental right, and *second*, that judges may not

26   issue physical custody orders that grant no "actual parenting time" — *unless*

27   *a parent is found 'unfit,' i.e.*, having done actual harm to a minor child, which

28   is the constitutional showing required for the State to divest custody.

1    (17)   State Law vs. the Constitution:   Under U.S. Supreme Court precedent,

2    courts may not issue physical custody orders that grant no "actual parenting

3    time" to a "fit" parent — *unless that parent is found 'unfit'* — with clear and

4    convincing evidence of actual harm to a minor child, [*see Stanley vs. Illinois*,

5    405 U.S. 645 (1972); *Smith vs. Org. of Foster Families*, 431 U.S. 816 (1977);

6    *Quilloin vs. Walcott*, 434 U.S. 246 (1978); *Parham vs. J.R.*, 442 U.S. 584

7    (1979); and, *Santosky vs. Kramer*, 455 U.S. 745 (1982)].

8    (18)   'Actual Parenting Time'—Defined:   The crux of Plaintiffs' argument is

9    that "actual parenting time" happens (if at all) when parents have the actual

10   ability to exercise (a) ***care, custody, and control*** of their minor children,

11   and, (b) ***private speech*** with their children.   But here, the State wrongfully

12   dispossessed Plaintiffs of these fundamental rights — *despite the fact that*

13   *they have never been found 'unfit' — i.e.*, no findings of (i) child abuse, (ii)

14   child neglect, (iii) abandonment, or (iv) endangerment.

15   (19)   'Supervised Visitation' is Not 'Parenting':   Where physical custody

16   orders grant "supervised visitation," it leaves noncustodial parents with no

17   "actual parenting time."   During "supervised visits, *the State is in control* —

18   in decidedly prison-like settings — where noncustodial parents have (a) no

19   actual ability to exercise ***care, custody, and control*** of their children

20   (which deprives 14th Amendment rights), and (b) no actual ability to exercise

21   ***private speech*** with their children (which deprives 1st Amendment rights).

22   (20)   Infringement:   Where, as here, physical custody orders grant no

23   "actual parenting time" to "fit" parents — it necessarily infringes upon

24   fundamental rights that the First and Fourteenth Amendments guarantee.

25   (21)   No Ability to Exercise Rights:   Where physical custody orders grant no

26   "actual parenting time" to "fit" parents, it precludes the parents' ability to

27   exercise ***care, custody, and control*** of their children, within the meaning

28   of *Troxel vs. Granville*, [530 U.S. 57 (2000)], as well as their ability to exercise

1  **private speech** with their children, within the meaning of *Rotary Int'l vs.*

2  *Rotary Club of Duarte*, [481 U.S. 537 (1987)].

3  (22)   Severance of Parent-Child Relationships:  Truth is, during supervised

4  visits, noncustodial parents exercise no "parental rights."  Where the State

5  deprives the 14th Amendment right to **care, custody, and control** of one's

6  children, as well as the 1st Amendment right to **private speech** with one's

7  children — it effectively severs the parent-child relationship.

8  (23)   Constructive Termination:  Where, as here, physical custody orders

9  grant no "actual parenting time," the noncustodial parents suffer

10  *constructive termination* of (a) the "right to parent," [14th Amendment],

11  and (b) the "right to familial association," [1st Amendment].

12  (24)   Lifetime Consequences:  Where physical custody orders grant no

13  "actual parenting time" to "fit" parents — such orders run contrary to public

14  policy.  Under such restrictive orders, noncustodial parents are not actually

15  "parenting" their children (in any meaningful sense), nor are their children

16  actually "being parented" (in any meaningful sense).  This all comes with

17  devastating consequences — including lifetimes of severe mental and

18  emotional trauma for the noncustodial parents and their children.

19  (25)   Fundamental Rights:  Plaintiffs invoke (a) their 14th Amendment

20  "right to parent" — *i.e.*, to **care, custody and control** of their children,

21  [*Troxel vs. Granville*, 530 U.S. 57 (2000)] — and also (b) their 1st Amendment

22  "right to familial association" — *i.e.*, to **private speech** with their children,

23  (*e.g.*, to pray together, do homework together, and lead by example on a daily

24  basis), [*Rotary Int'l vs. Rotary Club of Duarte*, 481 U.S. 537 (1987)].

25  (26)   Arbitrary Discretion:  Judges statewide issue physical custody orders

26  that grant no "actual parenting time" to "fit" parents — and for the flimsiest

27  of reasons — based only on the judge's arbitrary discretion — *and with no*

28  *findings that a parent is 'unfit.'*  But note, where there are no findings that a

1   parent is "unfit," there is no legal or factual basis to issue physical custody

2   orders that grant no "actual parenting time."

3   (27)   <u>Policy No. 1—Parenting is a Fundamental Right</u>:  Defendants maintain

4   a policy of *not* training judges that parenting is a fundamental right, [*see*

5   *Meyer vs. Nebraska*, 262 U.S. 390 (1923)], which has tragic and deleterious

6   consequences; it results in continuous and ongoing violations of federally

7   protected civil rights, which are so prevalent, so commonplace, and so

8   regularized—as to become *de facto* judicial policy statewide.

9   (28)   <u>Policy No. 2—Fit Parents Entitled to 'Actual Parenting Time'</u>:

10  Defendants fail to train its judges that, where parents are "fit," courts may

11  not issue physical custody orders that grant no "actual parenting time" —

12  *unless a parent is found 'unfit'* —  based on clear and convincing evidence of

13  actual harm to a minor child, *i.e.*, (i) child abuse, (ii) child neglect, (iii)

14  abandonment, or (iv) endangerment.

15  (29)   <u>'Unfitness' Required to Divest 'Actual Parenting Time'</u>:  As per U.S.

16  Supreme Court precedent, where parents are "fit," courts may not issue

17  physical custody orders that grant no "actual parenting time" — *precisely*

18  *because there are no findings of 'unfitness' — i.e.*, no findings of actual harm

19  to a minor child — meaning no findings of (i) child abuse, (ii) child neglect,

20  (iii) abandonment, or (iv) endangerment.

21  (30)   <u>SCOTUS Decisions</u>:  Plaintiffs rely on a handful of decisions from

22  the U.S. Supreme Court, which provide that courts may not issue physical

23  custody orders that grant no "actual parenting time" — *unless a parent is*

24  *deemed 'unfit'* — with clear and convincing evidence of actual harm to a

25  minor child — pursuant to a properly noticed fitness proceeding, [*see, e.g.*,

26  *Stanley vs. Illinois*, 405 U.S. 645 (1972); *Smith vs. Org. of Foster Families*,

27  431 U.S. 816 (1977); *Quilloin vs. Walcott*, 434 U.S. 246 (1978); *Parham vs.*

28  *J.R.*, 442 U.S. 584 (1979); and, *Santosky vs. Kramer*, 455 U.S. 745 (1982)].

1    (31)    SCOTUS Precedent:  As per SCOTUS precedent, (*supra*), no court may

2    issue physical custody orders that grant no "actual parenting time" — *unless*

3    *a parent is found 'unfit'*; but here, Plaintiffs have never been found "unfit."

4    Where custody orders grant no "actual parenting time" — *and there's no*

5    *showing of 'unfitness'* — such custodial timeshares are unconstitutional *per se*.

6    (32)    Federal Public Policy:  Federal policy seeks to strengthen and weld

7    the parent-child relationship; *however*, Defendants' judicial policies frustrate

8    federal policy.  Most significantly, Defendants' policies grant unto the People

9    *less* parental rights than the *minimum* constitutional guarantee.

10   (33)    *Troxel* Fitness Presumption:  "There is a presumption that fit parents

11   act in their children's best interests," [*Troxel vs. Granville*, 530 U.S. 57, 58

12   (2000)].

13   (34)    'Fit' Means 'Not Unfit':  With no findings that a parent is "unfit," one

14   must conclude that the parent is "fit" — and presumptively acting in their

15   child's best interests, [*Troxel*, (*id*.)].  Plaintiffs contend that, with no findings

16   that a parent is "unfit," there is no factual basis to support a physical custody

17   order that grants no "actual parenting time" to that parent.

18   (35)    Equal Protection:  Unless a parent is found "unfit," physical custody

19   orders that grant "unequal custodial timeshares" are unconstitutional *per se*.

20   The *Equal Protection Clause* requires that two "fit" parents share physical

21   custody equally.  Plaintiffs contend that two "fit" parents are deemed

22   *similarly situated* in the eyes of the law — because the *Troxel* fitness

23   presumption applies to both parents equally, [*see Troxel*, (*id*.)].

24   (36)    Relief Sought:  Plaintiffs seek compensation for each day they were

25   subjected to court orders that grant no "actual parenting time."  In addition,

26   Plaintiffs seek an injunction requiring JUDICIAL COUNCIL to train its judges,

27   *first*, that parenting is a fundamental right, [*Meyer vs. Nebraska*, 262 U.S.

28   390 (1923)], and, *second*, that courts may not issue physical custody orders

1    that grant no "actual parenting time" — *unless a parent has been found 'unfit,'*

2    (*i.e.*, with findings of actual harm to a minor child).

3    (37)  <u>Right to 'Bring Up Children'</u>:  The term *liberty* denotes "not merely

4    freedom from bodily restraint, but also the right of the individual to contract,

5    to engage in any of the common occupations of life, to acquire useful

6    knowledge, to marry, establish a home and ***bring up children***, to worship

7    God according to the dictates of his own conscience, and generally to enjoy

8    those privileges long recognized at common law as essential to the orderly

9    pursuit of happiness by free men," [*Meyer vs. Nebraska*, 262 U.S. 390, 399

10    (1923); (bold italics added)].

11    (38)  <u>'Best Interests' vs. the Constitution</u>:  In determining custody, state

12    courts rely exclusively on the child's "best interest" standard; *however*, a

13    child's constitutional "right to be parented" is paramount to a child's "best

14    interests."  Why? — because the Constitution is the *Supreme Law of the Land*.

15    Where state courts make custody determinations based on "best interest"

16    standards, *with no regard for constitutional standards*, it robs the People of

17    their minimum constitutional guarantee.  Furthermore, state courts have no

18    authority to decide a child's "best interests" in the first place.

19    (39)  <u>'Best Interest' Resides with 'Fit' Parents</u>:  State courts lack subject-

20    matter jurisdiction to decide a child's "best interests."  As a matter of law,

21    "the custody, care and nurture of the child reside first in the parents,"

22    [<u>*Prince vs. Mass.*</u>, 321 U.S. 158, 166 (1944)];  absent a showing of unfitness,

23    the State cannot enter "the private realm of family life," [*id.*].

24    (40)  <u>Humanitarian Crisis</u>:  The stark reality is, prison inmates have greater

25    access to their kids than do Plaintiffs.  However, there's a *basic human need*

26    to bring-up one's children, a basic necessity of life, like food or water;  and yet,

27    judges statewide daily deprive the People of this most basic human necessity.

28    It's a humanitarian crisis.

1

### III.   Class Allegations.

2   (41)  <u>Similarly Situated</u>:  Plaintiffs bring this action under FRCP, Rule 23,

3 on behalf of themselves and all others "similarly situated" — *i.e.*, all "fit"

4 parents subject to physical custody orders that grant no "actual parenting

5 time" with their children — *despite the fact that they've never been found*

6 *'unfit'* — *i.e.*, no findings of actual harm to a minor child, *i.e.*, no findings of

7 (i) child abuse, (ii) child neglect, (iii) abandonment, or (iv) endangerment.

8 (42)  <u>Common Questions</u>:  Common questions of law and fact affect all class

9 members and predominate over questions that may involve individuals, *e.g.*,

10           *Question of Fact*:  Is this parent subject to a physical custody order

11                                  that grants no "actual parenting time?" — *if so,*

12           *Question of Fact*:  Has this parent ever been found "unfit?" — *if not,*

13                                  then this parent qualifies as a Class Member.

14           *Question of Law*:  Which legal standard is paramount?  (A) the child's

15                                  "best interests?" or, (B) the child's constitutional

16                                  "right to be parented?"

17 (43)  <u>Numerosity</u>:  The number of prospective class members is sufficiently

18 large for class treatment.  To bring all individual members before the court

19 would be impractical.  (Plaintiffs estimate that, on each court-day, approx.

20 100 California children lose a parent; exact numbers are unknown.)

21 (44)  <u>Community of Interest</u>:  There are no affirmative defenses that

22 Defendants may assert against some, but not all.  Class action treatment

23 does not impair Defendants' ability to defend class claims.

24 (45)  <u>Superiority Requirement</u>:  Class action treatment is the superior and

25 most economical method of adjudicating this controversy — on behalf of all

26 parents similarly situated.

27 (46)  <u>Typicality Requirement</u>:  Plaintiffs' legal claims include all claims that

28 any given parent might reasonably assert under like circumstances.

1    (47)    <u>Finite & Ascertainable Class</u>:  Plaintiffs submit the following definition

2    for Class Members—

3            "All fit parents subject to physical custody orders — *issued in the last*

4            *two years* — that grant no 'actual parenting time' — *i.e.*, with no actual

5            ability (a) to exercise **care, custody, and control** of their children —

6            or, (b) to exercise **private speech** with their children — *despite the fact*

7            *that they've never been found 'unfit'* — *i.e.*, no findings of (i) child abuse,

8            (ii) child neglect, (iii) abandonment, or (iv) endangerment."

9    (48)    <u>Fair & Adequate Representation</u>:  Plaintiffs' counsel will zealously

10   prosecute this action on behalf of all Plaintiffs and putative class members.

11   (49)    <u>Substantial Benefits</u>:  Class action certification brings substantial

12   benefits to many parents and children.  Plaintiffs are thus entitled to

13   attorney's fees under Rule 23(h) and 42 U.S.C. § 1988.

14

15                                    *       *       *

16

17

18

19

20

21

22

23

24

25

26

27

28

1

CAUSE *of* ACTION No. 1

2  (50)   Monell Claim; (42 U.S.C. § 1983):  Cause-of-Action No. 1 seeks damages

3  and injunction, as against Defendants, as per 42 U.S.C. § 1983.  Plaintiffs

4  bring a *Monell* claim against Defendants' judicial "policies," which result in

5  statewide deprivations of federally protected parental rights, [*see Monell v.*

6  *Dept. of Soc. Svcs.*, 436 U.S. 658 (1978)].

7  (51)   State Actors:  Defendants are "state actors."  Defendants are "persons"

8  subject to suit under Section 1983.  Defendants are responsible for the

9  unconstitutional judicial "policies" now deployed in California state courts.

10  (52)   Plaintiffs are 'Fit' Parents:  Plaintiffs are "fit" parents.  They have

11  never been found "unfit" — *i.e.*, no findings of (i) child abuse, (ii) child neglect,

12  (iii) abandonment, or (iv) endangerment.

13  (53)   Color of Law:  JUDICIAL COUNCIL is responsible for judicial policy.

14  Acting under *colorable authority*, Defendants' judicial policies fail to train

15  its judges that parenting is a fundamental right — and that judges may not

16  issue physical custody orders that grant no "actual parenting time," (absent

17  a showing of "unfitness").  These unconstitutional polices, ubiquitous

18  statewide, work a harsh result for Plaintiffs — by depriving them of their

19  right to "bring up children," [*Meyer vs. Nebraska*, 262 U.S. 390, 399 (1923)].

20  (54)   Policy No. 1—Parenting is a Fundamental Right:  Defendants maintain

21  a policy of *not* training judges that parenting is a fundamental right, [*see*

22  *Meyer vs. Nebraska*, 262 U.S. 390 (1923)], and this policy has tragic and

23  deleterious consequences; it results in continuous and ongoing violations of

24  federally protected civil rights, which are so prevalent, so commonplace, and

25  so regularized—as to become *de facto* judicial policy statewide.

26  (55)   Policy No. 2—Fit Parents Entitled to 'Actual Parenting Time':

27  Defendants fail to train its judges that, where parents are "fit," courts may

28  not issue physical custody orders that grant no "actual parenting time" —

*unless a parent is found 'unfit'* — based on clear and convincing evidence of actual harm to a minor child, *i.e.*, (i) child abuse, (ii) child neglect, (iii) abandonment, or (iv) endangerment.

(56)   <u>Causation</u>:  Defendants' inadequate judicial training policies are a proximate cause of the constitutional harms that Plaintiffs suffer.

(57)   <u>No 11th Amendment Immunity</u>:  Plaintiffs are informed and believe that JUDICIAL COUNCIL is financially self-sufficient; that it generates its own revenues; that it pays its own debts; that it has a *Dun & Bradstreet* number; and that the State is *not* obligated to pay JUDICIAL COUNCIL debts; *therefore*, the Eleventh Amendment core concern is not implicated.

(58)   <u>Money Damages</u>:  Defendants' judicial policies cause Plaintiffs and their children to sustain massive headache and heartache injuries.  Plaintiffs seek money damages, for each day they and their children were subjected to court orders that grant no "actual parenting time."  Defendants' policies were a *substantial factor* in causing the harm.  Plaintiffs seek presumed general damages, as well as special damages, in sums T.B.D. at trial.

(59)   <u>Injunctive Relief</u>:  Plaintiffs seek a court order requiring JUDICIAL COUNCIL to train its judges, *first*, that parenting is a fundamental right, and, *second*, that courts may not issue physical custody orders that grant no "actual parenting time," absent findings of "unfitness."

(60)   <u>Plaintiffs Entitled to Prevail</u>:  Plaintiffs are entitled to prevail because statewide judicial policy grants unto the People **less** parental rights than the **minimum** constitutional guarantee.

(61)   <u>Attorney's Fees</u>:  Plaintiffs request an attorney's fees award under Rule 23(h) and 42 U.S.C. § 1988.

*     *     *

1

## PRAYER *for* RELIEF

2   (62)   WHEREFORE, Plaintiffs pray for judgment against Defendants, and

3   each of them, as follows—

4       (a)   that the Court certify a Plaintiff Class;

5       (b)   that Plaintiffs be adjudged the prevailing parties;

6       (c)   for an award of judgment on Plaintiffs' cause of action;

7       (d)   for general and special damages — in sums T.B.D. in accordance

8           with proof at trial;

9       (e)   for an order requiring the JUDICIAL COUNCIL to train its judges—

10          *first,* that parenting is a fundamental right; and *second,* that

11          courts may not issue physical custody orders that grant no

12          "actual parenting time," *unless a parent is found 'unfit'*;

13      (f)   for costs and expenses incurred in this prosecuting this action;

14      (g)   for such other and further relief as the court may deems just

15          and proper.

16

Dated:  **Sept. 29, 2023**        *Respectfully Submitted,*

17

18

19

20      T. Matthew Phillips, Esq.
        Calif. State Bar No. 165833
21      Telephone: (323) 314-6996
        TMatthewPhillips@aol.com
22      *Plaintiffs' Counsel*

23

24

25

26              *    *    *

27

28

1

2

VERIFICATION *of* JASON D'SOUZA

My name is JASON D'SOUZA.  I am a Plaintiff herein.  All facts alleged

3  are true and correct of my own personal knowledge; as to those matters

4  alleged on information and belief, I reasonably believe them true.  If called to

5  testify, I could and would give competent and truthful evidence.

6          1.      I am subject to a physical custody order, issued in the last two

7  years, that grants me no "actual parenting time" with my minor child.

8          2.      I have never been found "unfit."  I never committed (i) child

9  abuse, (ii) child neglect, (iii) abandonment, or (iv) endangerment.  As a "fit"

10  parent, I decide my child's best interests, not the state.

11          3.      My child's constitutional "right to be parented" is more important

12  than my child's "best interests."  I ask this court, *respectfully*, to grant me

13  the minimum parental rights that the Constitution guarantees—in California

14  state courts.

15          ***I declare under penalty of perjury, pursuant to the laws of the***

16  ***United States, the foregoing is both true and correct.***

17
Dated:  **Sept. 29, 2023**          Respectfully Submitted,

18

19

20

21

22

*Jason D'Souza*

JASON D'SOUZA,

*Plaintiff*

23

24                                                *      *      *

25

26

27

28

*Class Action Complaint for Damages and Injunction*, p. 14 of 14