MATTHEW L. GREEN, Bar No. 227904
matthew.green@bbklaw.com
BEST BEST & KRIEGER LLP
655 West Broadway, 15th Floor
San Diego, California 92101
Telephone: (619) 525-1300
Facsimile: (619) 233-6118

Attorneys for Defendant
HON. PATRICIA GUERRERO, Chief Justice
of California and Chair of the Judicial Council
of California

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JASON D'SOUZA; et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>HON. PATRICIA GUERRERO, In Her Honor's Official Capacity as Council Chair for the Judicial Council of California,<br><br>  Defendant. | Case No. 2:23-cv-08230-SVW-E<br>Judge: Hon. Stephen V. Wilson<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>Date: February 26, 2024<br>Time: 1:30 p.m.<br>Courtroom: First Street Courthouse<br>350 W. First Street<br>Courtroom 10A, 10th Floor<br>Los Angeles, CA 90012 |

Defendant the Honorable Patricia Guerrero, Chief Justice of California, in her official capacity as the Chair of the Judicial Council of California, respectfully submits the following memorandum of points and authorities in support of her motion to dismiss the First Amended Complaint ("FAC") filed by Plaintiffs Jason D'Souza, Kristina Eisenacher, Rob Emert, Jennifer Garnica, Kristen Joseph, Rhonda Reyna, Patricia Boone, Mark Fidelman, David King, and Alisa Rothman (collectively, "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I. INTRODUCTION

The instant action is a thinly veiled attempt by disgruntled state court litigants to hold Chief Justice Guerrero liable for trial court judges' purportedly erroneous child custody orders on the tenuous theory that the Judicial Council of California ("Judicial Council") failed to properly train family court judges in California. The FAC avers that Plaintiffs are "fit" parents who were awarded "no actual parenting time" in child custody proceedings throughout California. (Dkt. No. 8 ¶¶ 4-13.) According to the FAC, "judges statewide issue physical custody orders that grant no 'actual parenting time' to 'fit' parents …" in violation of the parents' First and Fourteenth Amendment rights. (*Id.* ¶ 30; *see also id.* ¶¶ 18-30.) The FAC alleges that the Judicial Council has a policy of failing to train judges "that parenting is a fundamental right," and "that courts may not issue physical custody orders that grant no 'actual parenting time[]' absent findings of 'unfitness.'" (*Id.* ¶ 56; *see also id.* ¶¶ 15, 57-58.) The FAC asserts that "[the] inadequate judicial training policies are a proximate cause of the constitutional harms that Plaintiffs suffer." (*Id.* ¶ 59.)

The FAC sets forth a single claim against Chief Justice Guerrero under 42 U.S.C. § 1983 based on *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (*Id.* ¶ 53.) The FAC seeks an injunction compelling the Judicial Council to provide training to state court judges and monetary damages "for each day [Plaintiffs] and their children were wrongfully dispossessed of their fundamental rights." (*Id.* ¶¶

16-17; *see also id.* ¶¶ 61-62, 65(d)-(e).)

Plaintiffs' action fails as a matter of law on multiple grounds. First, Chief Justice Guerrero acting in her official capacity is a state official and not a "person" within the meaning of 42 U.S.C. § 1983, and *Monell* liability under section 1983 does not lie against state officials, such as Chief Justice Guerrero. Second, Plaintiffs' damages action against Chief Justice Guerrero is foreclosed by the Eleventh Amendment. Third, no liability under 42 U.S.C. § 1983 lies against Chief Justice Guerrero based on allegedly erroneous orders issued in child custody proceedings. Fourth, insofar as the FAC challenges child custody orders entered against Plaintiffs, the action is foreclosed by the doctrine of judicial immunity. Finally, to the extent the FAC attacks such orders, this action is also barred by the *Rooker-Feldman* doctrine, which prevents federal courts from hearing de facto appeals of state court decisions. The Court should accordingly grant Chief Justice Guerrero's motion to dismiss the FAC with prejudice.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a complaint for lack of jurisdiction over the subject matter. Because federal courts are courts of limited jurisdiction, "a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). A party who brings a Rule 12(b)(1) challenge may do so by referring to the face of the pleadings or by presenting extrinsic evidence. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In the former, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Courts evaluate whether a complaint states a cognizable legal theory or sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Each allegation in a complaint also must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 nevertheless requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim is "plausible on its face." *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### III. ARGUMENT

#### A. *MONELL* SECTION 1983 CLAIMS DO NOT LIE AGAINST CHIEF JUSTICE GUERRERO BECAUSE SHE IS A STATE OFFICIAL

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

It is well-settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71; *see also Jordan v. Plaff*, No. 2:23-cv-02482-DOC (MAR), 2023 WL 4295843, at *5 (C.D. Cal. Jun. 30, 2023) (noting that "[n]either the state nor its officials acting in their official capacity are 'persons' within the meaning of 42 U.S.C. § 1983 because official-capacity defendants assume 'the identity of the government that employs them[]'").

In contrast to State entities and officials, "[m]unicipalities and other local government units are considered 'persons' under § 1983 and therefore may be liable for causing a constitutional deprivation." *Jordan*, 2023 WL 4295843, at *6 (citing *Monell*, 436 U.S. at 690–91; *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)). To state a cognizable claim against municipal or other local government officials, a policy, practice, or custom of the entity must be shown to be a moving force behind the violation of constitutional rights. *Monell*, 436 U.S. at 694. "However, the Supreme Court has expressly declined to extend *Monell*'s theory of municipal liability under § 1983 to state entities." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 968 (9th Cir. 2010) (citing *Will*, 491 U.S. at 71) (affirming dismissal of section 1983 claims against state university and university employees).

Here, the FAC attempts to assert a section 1983 action against Chief Justice Guerrero under *Monell* based on the Judicial Council's purported policy of failing to properly train family court judges. (Dkt. No. 8 ¶ 53.) The Ninth Circuit, however, has appropriately recognized that the Judicial Council is "clearly a state agency." *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004), *overruled on other grounds by Munoz v. Superior Court of Los Angeles County*, --- F.4th ---. 2024 WL 89380, at *2-3 (9th Cir. Jan. 9, 2024) Indeed, "[t]he Judicial Council directs and administers the California courts." *Id.* (citing Cal. Const. art. VI, § 6 (defining the role of the Judicial

Council);[1] Cal. Gov. Code §§ 68500 *et seq.* (describing funding and management process for Judicial Council); *see also Taylor v. Kelety*, No. 20-cv-1987-DMS-AGS, 2021 WL 1733386, at *5 (S.D. Cal. May 3, 2021) (recognizing the Judicial Council is a state agency); *Torres v. Judicial Council of California*, No. 17cv0028 JM (JLB), 2017 WL 1281914, at *3 (S.D. Cal. Apr. 6, 2017) (same); *Ervin v. Judicial Council of California*, No. C 08-0299 PJH, 2008 WL 1885726, at *3 (N.D. Cal. Apr. 24, 2008) (holding both the Judicial Council and Chief Justice are not "persons" under section 1983); Cal. Rules of Ct., rule 10.1(a)(1) (providing that "[t]he Judicial Council … is a state entity established by the California Constitution and chaired by the Chief Justice of California"). Given the Judicial Council is a state entity, and Chief Justice Guerrero is the state official who chairs the Judicial Council, no *Monell* liability lies against Chief Justice Guerrero.[2]

### B. PLAINTIFFS' DAMAGES ACTION IS BARRED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment bars suits for damages, injunctive relief, and declaratory relief against "a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995); *Greater Los*

---

[1] Under the California Constitution, the role of the Judicial Council is as follows: "To improve the administration of justice the council shall survey judicial business and make recommendations to the courts, make recommendations annually to the Governor and Legislature, adopt rules for court administration, practice and procedure, and perform other functions prescribed by statute. The rules adopted shall not be inconsistent with statute" Cal. Const. art. VI, § 6(d).

[2] Under *Monell*, "'[t]he existence of a policy without more, is insufficient to trigger local government liability under section 1983.'" *Jordan*, 2023 WL 4295843, at *6 (quoting *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)). "A plaintiff must show that the policy, practice, or custom was: '(1) the cause in fact and (2) the proximate cause of the constitutional deprivation.'" *Id.* (quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)). "Proof of random acts or isolated events is insufficient to establish a custom or practice." *Id.* (citing *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989), *overruled on other grounds by Bull v. City and County of San Francisco*, 595 F.3d 964 (9th Cir. 2010)). "Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law." *Id.* (citing *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997)). Notwithstanding the inability to sue Chief Justice Guerrero under *Monell*, the FAC does not establish the requisite policy, practice, or custom for purposes of asserting a *Monell* claim.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

*Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds*. "A narrow exception exists 'where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional or statutory rights.'" *Krainski*, 616 F.3d at 967-68 (internal citations and emphasis omitted); *see Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding the Eleventh Amendment does not prohibit suits against state officers sued in their official capacity "for prospective relief from an ongoing violation of federal law"); *Wolfe*, 392 F.3d at 365; *but see Munoz*, --- F.4th ---. 2024 WL 89380, at *3 (overruling *Wolfe* "[t]o the extent [it] can be read to hold that the *Ex parte Young* exception allows injunctions against judges acting in their judicial capacity[]").

The Eleventh Amendment's prohibition of actions against state entities also applies to state officials when they are sued in their official capacities. *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995). The Eleventh Amendment's bar remains in effect for state officials because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Brandon v. Holt*. 469 U.S. 464, 471 (1985); *see also* Cal. Rules of Ct., rule 10.202(b) (establishing Judicial Council's duty to indemnify justices of the Supreme Court under California's Government Claims Act, Cal. Gov. Code §§ 810 *et seq.*).

As noted above, the Judicial Council is a state agency and is thus entitled to Eleventh Amendment immunity. *Wolfe*, 392 F.3d at 364; *see also Sara M. v. Superior Court*, 36 Cal.4th 998, 1013 (Cal. 2005) (noting the Judicial Council is "an agency in the judicial branch of state government"). Plaintiffs' damages action is therefore unequivocally barred by the Eleventh Amendment. *See, e.g., Culinary Studios, Inc. v. Newsom*, 517 F.Supp.3d 1042, 1059 (E.D. Cal. 2021) (finding damages claim against state, state agencies, and state officials barred by Eleventh Amendment).

**C. NO LIABILITY UNDER SECTION 1983 LIES AGAINST CHIEF JUSTICE GUERRERO FOR ALLEGEDLY ERRONEOUS CHILD CUSTODY ORDERS**

While the FAC seeks to impose liability against Chief Justice Guerrero solely

under *Monell*, and notwithstanding that she is not a "person" within the meaning of section 1983 and enjoys Eleventh Amendment immunity, no other theory of liability under section 1983 lies against her based on purportedly erroneous child custody orders. To state a claim under section 1983, a plaintiff is required to show that the defendant (1) acted under color of state law, and (2) deprived the plaintiff of rights secured by the Constitution or federal law. *Long*, 442 F.3d at 1185. There is no respondeat superior liability under section 1983; a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights. *Iqbal*, 556 U.S. at 677; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir.2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir.2009); *Jones*, 297 F.3d at 934.

Here, the FAC does not and cannot allege that Chief Justice Guerrero had any personal involvement whatsoever in the purportedly erroneous child custody orders entered against Plaintiffs. Rather, in an apparent end run around directly challenging these rulings, Plaintiffs attempt to hold Chief Justice Guerrero liable for such orders by alleging, albeit in a purely conclusory manner, that the Judicial Council failed to properly train judges regarding constitutional parental rights. (Dkt. No. 8 ¶¶ 15, 56-58.) The FAC, however, does not and cannot allege that the Judicial Council is responsible for supervising judges in the performance of their judicial duties. The power to review judicial decisions is reserved for California's appellate courts. *See* Cal. Const., art. VI, §§ 6(d), 10-12. Moreover, only the Commission on Judicial Performance is responsible for investigating complaints of judicial misconduct and judicial incapacity and disciplining judges. *See* Cal. Const., art. VI, § 18. Accordingly, no section 1983 liability lies against Chief Justice Guerrero based on allegedly erroneous child custody orders rendered against Plaintiffs.

### D. PLAINTIFFS' ACTION IS FORECLOSED BY JUDICIAL IMMUNITY

"'It is well settled that judges are generally immune from suit for money

damages.'" *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, [citation], or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). "Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman*, 793 F.2d at 1075 (internal quotation marks omitted).

It is well-established that judicial immunity applies to civil rights actions brought under 42 U.S.C. § 1983, *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967); *see also Stump*, 435 U.S. at 355-56; *Ashelman*, 793 F.2d at 1075. Moreover, where injunctive relief is sought, section 1983 expressly provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Declaratory relief is deemed to be unavailable if the plaintiff demonstrates he or she lacks "the ability … to 'appeal[] the judge's order[]' [Citations]." *Owens v. Cowan*, No. CV 17-03674-FMO (JDE), 2018 WL 1002313, *11 (C.D. Cal. Jan. 17, 2018), *adopted by* 2018 WL 1009268 (C.D. Cal. Feb. 16, 2018); *see also Weldon v. Kapetan*, No. 1:17-cv-01536-LJO-SKO, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018).

Here, as detailed above, this action is a thinly veiled effort by Plaintiffs to attack adverse child custody orders. According to Plaintiffs, these orders "grant[e]d no 'actual parenting time' to 'fit' parents …" in violation of Plaintiffs' First and Fourteenth Amendment rights. (Dkt. No. 8 ¶ 30; *see also id.* ¶¶ 18-30.) Insofar as the FAC challenges the underlying custody orders, the FAC is foreclosed by judicial immunity.

### E. THE INSTANT ACTION ALSO RUNS AFOUL OF THE *ROOKER-FELDMAN* DOCTRINE

Finally, "[u]nder the *Rooker-Feldman* doctrine, 'a state-court decision is not reviewable by lower federal courts.'" *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022) (quoting *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)). The Ninth Circuit recently applied the *Rooker-Feldman* doctrine in *Hooper*. In *Hooper*, the plaintiff had unsuccessfully moved in state court for an order permitting him to conduct DNA and fingerprint analysis on a crime scene. 56 F.4th at 621. The plaintiff thereafter filed a lawsuit under 42 U.S.C. § 1983 in federal court seeking a "declaratory judgment that the [state] statutes providing for forensic testing of DNA and other evidence are unconstitutional as applied to him as well as an injunction ordering defendants to permit him to conduct the forensic testing." *Id.* at 621-22. The Ninth Circuit held that the federal district court "lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because th[e] action amounted to an improper appeal of the state courts' judgment." *Ibid.*

The Ninth Circuit observed that *Rooker-Feldman* bars lower federal courts from exercising subject matter jurisdiction over an action brought as a direct appeal as well as a "'de facto equivalent' of such appeal." *Id.* at 624 (quoting *Morrison v. Peterson*, 809 F.3d 1059, 1069-70 (9th Cir. 2015)). "To determine whether an action functions as a de facto appeal, [a court should] 'pay close attention to the *relief* sought by the federal-court plaintiff.'" *Ibid.* (quoting *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012)) (emphasis in original). A court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine when the federal court plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

Where a plaintiff files a claim in federal court alleging an erroneous ruling by a state court, "the jurisdictional inquiry hinges on whether the constitutional claims presented to the district court 'are *inextricably intertwined* with the state court's

[ruling].'" *Hooper*, 56 F.4th at 624 (quoting *Cooper*, 704 F.3d at 778)) (emphasis in original). "Claims are inextricably intertwined if 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Id.* at 624-25 (quoting *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002)).

Because the plaintiff in *Hooper* sought an order from the federal district court stating that he was entitled to the DNA testing, the Ninth Circuit found that his requested relief "would effectively reverse the state courts' decision that he is not entitled to the test." *Hooper*, 56 F.4th at 625. It was a "pure horizontal appeal of the state court's decision," and essentially amounted to an argument that "the state courts decided his case incorrectly." *Id.*

Similar to *Hooper*, and while Chief Justice Guerrero did not issue such orders, the underlying theory of Plaintiffs' case is that the trial court judges' underlying custody orders entered against them violate their constitutional rights. The FAC also seeks relief from these alleged legal wrongs in the form of monetary damages. (FAC, ¶¶ 17, 62, 65(d).) Plaintiffs' action against Chief Justice Guerrero is therefore barred by the *Rooker-Feldman* doctrine.

## IV. CONCLUSION

For all of the foregoing reasons, the Court should grant Chief Justice Guerrero's motion to dismiss. Because the deficiencies in the FAC are fatal and cannot be cured by further amendment, the action should be dismissed without leave to amend. *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (denial of leave to amend proper where amendment would be futile).

| | | |
|---|---|---|
| Dated: | January 16, 2024 | BEST BEST & KRIEGER LLP |

By: /s/ Matthew L. Green
　　MATTHEW L. GREEN
　　Attorneys for Defendant
　　HON. PATRICIA GUERRERO,
　　Chief Justice of California and Chair
　　of the Judicial Council of California