1  MATTHEW L. GREEN, Bar No. 227904
matthew.green@bbklaw.com
2  BEST BEST & KRIEGER LLP
655 West Broadway, 15th Floor
3  San Diego, California  92101
Telephone:  (619) 525-1300
4  Facsimile:  (619) 233-6118

5  Attorneys for Defendant
HON. PATRICIA GUERRERO, Chief Justice
6  of California and Chair of the Judicial Council
of California
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   WESTERN DIVISION

11

12  JASON D'SOUZA; et al.,                Case No. 2:23-cv-08230-SVW-E
                                          Judge: Hon. Stephen V. Wilson
13            Plaintiffs,
                                          REPLY MEMORANDUM IN
14       v.                               SUPPORT OF MOTION TO DISMISS
                                          FIRST AMENDED COMPLAINT
15  HON. PATRICIA GUERRERO, In
Her Honor's Official Capacity as          Date:      February 26, 2024
16  Council Chair for the Judicial Council Time:      1:30 p.m.
of California,                            Courtroom: First Street Courthouse
17                                                   350 W. First Street
            Defendant.                               Courtroom 10A, 10th Floor
18                                                   Los Angeles, CA 90012

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1

2

**TABLE OF CONTENTS**

**Page**

I.     REPLY ...........................................................................................................6

II.    ARGUMENT ................................................................................................7

       A.     PLAINTIFFS' ACTION IS FORECLOSED BECAUSE CHIEF
              JUSTICE GUERRERO IS A STATE OFFICIAL ............................7

              1.     Binding Ninth Circuit Precedent Recognizes That The
                     Judicial Council Is A State Entity. ......................................8

              2.     Plaintiffs' Attack Of *Wolfe* Also Ignores Other Binding
                     Circuit Caselaw Regarding The Eleventh Amendment. ...........8

              3.     The Judicial Council Is Unequivocally A State Entity.............11

                     a.     Intent.........................................................................11

                     b.     Control.......................................................................12

                     c.     Treasury.....................................................................13

       B.     JUDICIAL IMMUNITY PRECLUDES PLAINTIFFS'
              CHALLENGE AGAINST ADVERSE CHILD CUSTODY
              ORDERS ..........................................................................................16

       C.     THE *ROOKER-FELDMAN* DOCTRINE ALSO PROHIBITS
              PLAINTIFFS' ACTION ..................................................................18

III.   CONCLUSION .............................................................................................19

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

1

**TABLE OF AUTHORITIES**

2

**Page**

**Federal Cases**

3

*Bradley v. Fisher*
   13 Wall. 335 (1872)....................................................................................17

4

5

*Doe & Assoc. Law Offices v. Napolitano*
   252 F.3d 1026 (9th Cir. 2001) .................................................................18

6

7

*Hart v. Massanari*
   266 F.3d 1155 (9th Cir. 2001) ...................................................................8

8

9

*Hess v. Port Authority Trans-Hudson Corp.*
   513 U.S. 30 (1994) ..............................................................................7, 8, 9

10

11

*Kohn v. State Bar of California*
   87 F.4th 1021 (9th Cir. 2023)..........................................................*passim*

12

13

*Mireles v. Waco*
   502 U.S. 9 (1991) .....................................................................................17

14

15

*Monell v. Department of Social Services*
   436 U.S. 658 (1978) ...............................................................................6, 7

16

*Monell, Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*
   616 F.3d 963 (9th Cir. 2010) ...................................................................16

17

18

*Pierson v. Ray*
   386 U.S. 547 (1967) .................................................................................17

19

20

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*
   506 U.S. 139 (1993) ...................................................................................9

21

22

*Schmidt v. Contra Costa County*
   693 F.3d 1122 (9th Cir. 2012)..................................................................11

23

24

*Seminole Tribe of Florida v. Florida*
   517 U.S. 44 (1996) .....................................................................................9

25

26

*In re Thomas*
   508 F.3d 1225 (9th Cir. 2007)..................................................................17

27

28

*Will v. Michigan Dept. of State Police*
   491 U.S. 58 (1989) ...................................................................................16

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

*Wolfe v. Strankman*
    392 F.3d 358 (9th Cir. 2004) .......................................................................*passim*

*Worldwide Church of God v. McNair*
    805 F.2d 888 (9th Cir. 1986) ...................................................................... 18

**State Cases**

*Sara M. v. Superior Court*
    36 Cal.4th 998 (Cal. 2005) ......................................................................... 12

*Silverbrand v. County of Los Angeles*
    46 Cal.4th 106 (Cal. 2009) ......................................................................... 11

**Federal Statutes**

42 U.S.C. § 1983 ............................................................................... 6, 7, 16

**State Statutes**

Cal. Gov. Code, § 811.9 ..................................................................... 15

Cal. Gov. Code, § 825 ........................................................................ 15

Cal. Gov. Code, § 900.3 ..................................................................... 14

Cal. Gov. Code, § 940.3 ..................................................................... 14

Cal. Gov. Code, § 965 ........................................................................ 14

Cal. Gov. Code, § 995 ........................................................................ 15

Cal. Gov. Code, § 996 ........................................................................ 15

Cal. Gov. Code, § 11045 ..................................................................... 15

Cal. Gov. Code, § 68070 ..................................................................... 11

Cal. Gov. Code, § 68500 .................................................................. 8, 13

Cal. Gov. Code, § 68502.5 ................................................................... 13

Cal. Gov. Code, § 68506 ..................................................................... 13

Cal. Gov. Code, § 70391 ..................................................................... 11

Cal. Gov. Code, § 77100 ..................................................................... 13

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

Cal. Gov. Code, § 77101 ...................................................................................... 13

Cal. Gov. Code, § 77200 ...................................................................................... 13

Cal. Gov. Code, § 77204 ................................................................................ 14, 15

Cal. Gov. Code, § 77206 ...................................................................................... 13

**Rules**

Cal. Rules of Ct., Rule 10.1 ................................................................................. 12

Cal. Rules of Ct., Rule 10.2 ................................................................................. 12

Cal. Rules of Ct., Rule 10.3 ................................................................................. 12

Cal. Rules of Ct., Rule 10.101 ............................................................................. 13

Cal. Rules of Ct., Rule 10.202 ......................................................................... 15, 16

**Constitutional Provisions**

Eleventh Amendment ....................................................................................*passim*

Cal. Const. art. VI, § 6 ................................................................................. 8, 11, 12

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

Defendant the Honorable Patricia Guerrero, Chief Justice of California and Chair of the Judicial Council of California ("Judicial Council"), respectfully submits the following reply memorandum in support of her motion to dismiss the First Amended Complaint ("FAC") filed by Plaintiffs Jason D'Souza, Kristina Eisenacher, Rob Emert, Jennifer Garnica, Kristen Joseph, Rhonda Reyna, Patricia Boone, Mark Fidelman, David King, and Alisa Rothman (collectively, "Plaintiffs").

## I.    REPLY

As detailed in Chief Justice Guerrero's moving papers, Plaintiff's 42 U.S.C. § 1983 action asserts a single claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) based on the Judicial Council's purported policy of failing to train California superior court judges regarding parents' fundamental rights. According to Plaintiffs, they are "challeng[ing] the statewide, continuous and ongoing, unconstitutional 'policies' of judicial policymakers, which Plaintiffs contend is the cause-in-fact of rampant judicial kidnappings of Plaintiffs' children – and multitudes of children statewide." (Dkt. No. 17 at 2:17-20.) The FAC seeks damages for these so-called "judicial kidnappings," as well as injunctive relief compelling the Judicial Council to provide training to state court judges concerning parental rights. (Dkt. No. 8 ¶¶ 4-13, 16-17, 61-62, 65(d)-(e); Dkt. No. 17 at 2:17-20.)

Chief Justice Guerrero moved to dismiss the FAC on the grounds (1) that she is a state official and is thus neither a "person" within the meaning of 42 U.S.C. § 1983, nor subject to *Monell* liability; (2) that the Eleventh Amendment forecloses the damages action because Chief Justice Guerrero is a state official; (3) that no liability under 42 U.S.C. § 1983 lies against Chief Justice Guerrero based on trial courts' purportedly erroneous child custody orders entered against Plaintiffs; (4) that the doctrine of judicial immunity bars the action to the extent the FAC attacks the underlying child custody orders; and (5) that the *Rooker-Feldman* doctrine similarly precludes the action insofar as the FAC challenges child custody orders. (Dkt. No. 16 ¶¶ 1-5.)

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

1    Plaintiffs devote the bulk of their opposition to arguing that the Judicial

2  Council is not a state entity, and hence Chief Justice Guerrero is not a state official,

3  and that a viable 42 U.S.C. § 1983 claim under *Monell* therefore lies against Chief

4  Justice Guerrero. (Dkt. No. 17 at 3:1-9:4, 14:6-27.) Despite Plaintiffs' improper

5  request that this Court disregard binding precedent, it is uncontroverted that the Ninth

6  Circuit has recognized that the Judicial Council is "clearly a state agency." *Wolfe v.*

7  *Strankman*, 392 F.3d 358, 364 (9th Cir. 2004), *overruled on other grounds by Munoz*

8  *v. Superior Court of Los Angeles County*, --- F.4th ---. 2024 WL 89380, at \*2-3 (9th

9  Cir. Jan. 9, 2024); (*see* Dkt. No. 17 at 3:1-9:4). That Chief Justice Guerrero is a state

10  official is fatal to Plaintiffs' entire action. Plaintiffs' remaining arguments concerning

11  judicial immunity and the *Rooker-Feldman* doctrine are also unavailing. The Court

12  should therefore grant Chief Justice Guerrero's motion to dismiss the FAC with

13  prejudice.

**II.    ARGUMENT**

14

15    **A.    PLAINTIFFS' ACTION IS FORECLOSED BECAUSE CHIEF JUSTICE GUERRERO IS A STATE OFFICIAL**

16

17    As reflected in their opposition, Plaintiffs' action is predicated entirely on the

18  mistaken notion that the Judicial Council is not a state entity, and Chief Justice

19  Guerrero is thus not a state official. (Dkt. No. 17 at 3:1-9:4, 14:6-27.) To support

20  their theory, Plaintiffs rely solely on *Hess v. Port Authority Trans-Hudson Corp.*, 513

21  U.S. 30 (1994), in which the Supreme Court held that the Port Authority Trans-

22  Hudson Corporation (PATH) – a bistate entity created under the Constitution's

23  Interstate Compact Clause – is not cloaked with Eleventh Amendment immunity. 513

24  U.S. at 32-33, 35. The Supreme Court reasoned that PATH is "[a] discrete entity

25  created by constitutional compact among three sovereigns, … is financially self-

26  sufficient[,] [] generates its own revenues, and [] pays its own debts[,]" and that

27  "[r]equiring [it] to answer in federal court … does not touch the concerns – the States'

28  solvency and dignity – that underpin the Eleventh Amendment." *Id*. at 52. Plaintiffs'

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

1   reliance on *Hess* is misplaced for multiple reasons.

2       1.      Binding Ninth Circuit Precedent Recognizes That The
3               Judicial Council Is A State Entity.

4       It is well-settled that "[c]ircuit law … binds all courts within a particular

5   circuit, including the court of appeals itself." *Hart v. Massanari*, 266 F.3d 1155, 1171

6   (9th Cir. 2001). The Ninth Circuit has explained binding precedent as follows:

> 7       A district judge may not respectfully (or disrespectfully)
> 8       disagree with his learned colleagues on his own court of
>         appeals who have ruled on a controlling legal issue, or with
> 9       Supreme Court Justices writing for a majority of the
> 10      Court.[] Binding authority within this regime cannot be
>         considered and cast aside; it is not merely evidence of what
> 11      the law is. Rather, caselaw on point *is* the law. If a court
> 12      must decide an issue governed by a prior opinion that
>         constitutes binding authority, the later court is bound to
> 13      reach the same result, even if it considers the rule unwise
>         or incorrect. Binding authority must be followed unless and
> 14      until overruled by a body competent to do so. *Id.* at 1171
> 15      (footnote omitted and emphasis in original).

16      Here, the question of whether the Judicial Council is a state entity was

17  expressly considered and decided by the Ninth Circuit in *Wolfe*. 392 F.3d at 364

18  (noting "[w]hether the Judicial Council is a proper party to a suit brought under

19  § 1983 therefore depends on whether it is a state agency[]"). Given "[t]he Judicial

20  Council directs and administers the California courts[]" under the mandate of the

21  California Constitution, the Ninth Circuit appropriately concluded "it is clearly a

22  state agency." *Id.* (citing Cal. Const. art. VI, § 6(d); Cal. Gov. Code §§ 68500, *et

23  seq.*). Regardless of Plaintiffs' criticism thereof, this Court is bound by *Wolfe* and its

24  holding that the Judicial Council is a state entity.

25      2.      Plaintiffs' Attack Of *Wolfe* Also Ignores Other Binding
26              Circuit Caselaw Regarding The Eleventh Amendment.

27      While this Court need not revisit the wisdom of *Wolfe*, Plaintiffs' principal

28  criticism of *Wolfe* is that the Ninth Circuit never mentioned *Hess* nor the "state

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

1  treasury criterion" discussed therein, "which asks 'whether a judgment against the
2  entity must be satisfied out of a State's treasury[.]'" (Dkt. No. 17 at 7:7-14; *id.* at
3  3:15-18.) Although immaterial to the disposition of Chief Justice Guerrero's motion
4  to dismiss, Plaintiffs' critique of *Wolfe* is unavailing.

5  As an initial matter, *Hess* is inapposite given the nature of the entity at issue
6  therein. PATH is a discrete, bistate entity established under the Constitution's
7  Interstate Compact Clause, which entities the Supreme Court recognized "occupy a
8  significantly different position in our federal system than do the States themselves."
9  *Hess*, 513 U.S. at 35, 40. Moreover, "[PATH] was conceived as a financially
10 independent entity, with funds primarily derived from private investors[,]" where
11 "[t]olls, fees, and investment income account for [PATH]'s secure financial
12 position." *Id.* (internal quotation marks and citations omitted). As detailed *infra*, the
13 Judicial Council bears no similarity whatsoever to PATH.

14 Furthermore, the Supreme Court has since clarified that "[t]he Eleventh
15 Amendment does not exist solely in order to 'preven[t] federal-court judgments that
16 must be paid out of a State's treasury[.]'" *Seminole Tribe of Florida v. Florida*, 517
17 U.S. 44, 58 (1996) (quoting *Hess*, 513 U.S. at 48). Rather, "[the Eleventh
18 Amendment] also serves to avoid 'the indignity of subjecting a State to the coercive
19 process of judicial tribunals at the instance of private parties[.]'" *Id.* (quoting *Puerto*
20 *Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146
21 (1993)).

22 Additionally, the proper test for determining whether an entity is a state agency
23 cloaked with Eleventh Amendment immunity was recently considered by an en banc
24 panel of the Ninth Circuit in *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir.
25 2023), which Plaintiffs inexplicably ignore. In *Kohn*, the Ninth Circuit rejected the
26 notion that courts "should continue to prioritize the treasury factor." 87 F.4th at 1028.

27 The Ninth Circuit instead adopted a three-factor test for determining whether
28 an entity is an arm of the State. 87 F.4th at 1031. Under this test, courts must consider

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

1  the following factors: "(1) the [s]tate's intent as to the status of the entity, including

2  the functions performed by the entity; (2) the [s]tate's control over the entity; and (3)

3  the entity's overall effects on the state treasury." *Id.* at 1030 (internal quotation marks

4  and citations omitted). The Ninth Circuit further described the three factors as

5  follows:

> The first factor of intent turns on whether state law
> expressly characterizes the entity as a governmental
> instrumentality rather than as a local governmental or non-
> governmental entity; whether the entity performs state
> governmental functions; whether the entity is treated as a
> governmental instrumentality for purposes of other state
> law; and state representations about the entity's status.
> [Citation.] The second factor depends on how members of
> the governing body of the entity are appointed and
> removed, as well as whether the state can "directly
> supervise and control [the entity's] ongoing operations."
> [Citation.] And, the third factor, though relevant, is not
> dispositive. While [the plaintiff] argues that this factor is
> the most important, … the Eleventh Amendment "does not
> require a focus solely on the financial impact of the entity
> on the [s]tate" because the Eleventh Amendment is equally
> concerned with "the dignity interests of the state." *Id.*

18  Applying these three factors, the Ninth Circuit held that the State Bar of

19  California ("State Bar") is "an arm of the state and entitled to sovereign immunity."

20  *Id.* at 1032. The Ninth Circuit reached this conclusion despite there being "no dispute

21  that California law makes the State Bar responsible for its own debts and liabilities,"

22  and that "California would not be liable for a judgment against the State Bar." *Id.* at

23  1036. The Ninth Circuit reasoned that "th[e] third factor is not dispositive[;]" that

24  "[g]iven that the intent and control factors strongly favor the conclusion that

25  California 'structured' the State Bar to 'enjoy the special constitutional protection of

26  the [s]tate[ ] [itself],' the third factor, placed in its proper context, cannot overcome

27  the first two[;]" and that the Ninth Circuit "[saw] no reason to disturb [its] nearly

28  forty-year-old determination that the California State Bar is an arm of the state and

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

1  entitled to immunity in federal court." *Id.* at 1037.

2                3.     <u>The Judicial Council Is Unequivocally A State Entity</u>.

3       The application of the Eleventh Amendment to the Judicial Council is even

4  more compelling than the State Bar, as the intent, control, and treasury factors all

5  strongly support the Judicial Council's immunity.

6                 a.     <u>Intent</u>.

7       Starting with the intent factor, the Judicial Council was created by the

8  California Constitution, and its constitutionally prescribed role is as follows:

9
10  > To improve the administration of justice the council shall
> survey judicial business and make recommendations to the
11  > courts, make recommendations annually to the Governor
> and Legislature, adopt rules for court administration,
12  > practice and procedure, and perform other functions
> prescribed by statute. The rules adopted shall not be
13  > inconsistent with statute. Cal. Const. art. VI, § 6(d).

14

15       Not only does "[t]he Judicial Council direct[] and administer[] the California

16  courts[,]" *Wolfe*. 392 F.3d at 364, but it is also "the entity charged by the California

17  Constitution with adopting statewide rules for court administration, practice, and

18  procedure." *Silverbrand v. County of Los Angeles*, 46 Cal.4th 106, 125 (Cal. 2009);

19  *see also* Cal. Gov. Code, § 70391 (noting the Judicial Council is "the policymaking

20  body for the judicial branch"). The California Legislature has provided that "[t]he

21  Judicial Council is encouraged to adopt rules to provide for uniformity in rules and

22  procedures throughout all courts in a county and statewide." Cal. Gov. Code,

23  § 68070(b). Such rules are "adopted [in] the California Rules of Court, which have

24  the force of statute to the extent that they are not inconsistent with legislative

25  enactments and constitutional provisions." *Schmidt v. Contra Costa County*, 693 F.3d

26  1122, 1133 (9th Cir. 2012) (internal quotation marks and citations omitted).

27       That the Judicial Council is a state entity and performs government functions

28  typically performed by state governments is also underscored by the California Rules

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

of Court themselves. The Rules of Court expressly provide that "[t]he Judicial Council … is a state entity established by the California Constitution and chaired by the Chief Justice of California." Cal. Rules of Ct., rule 10.1(a)(1). The Rules of Court also identify the Judicial Council's purpose, which is to "set[] the direction for improving the quality of justice and advancing the consistent, independent, impartial, and accessible administration of justice by the judicial branch for the benefit of the public." *Id.* Indeed, the Judicial Council "establishes policies and sets priorities for the judicial branch of government." *Id.*, rule 10.1(a)(2); *see also id.* rule 10.1(a)(3), Appendix D (setting forth Judicial Council Governance Policies).

California courts have also appropriately recognized that the Judicial Council is a state entity. The California Supreme Court has specifically described the Judicial Council as "an agency in the judicial branch of state government." *Sara M. v. Superior Court*, 36 Cal.4th 998, 1013 (Cal. 2005). The intent factor therefore clearly favors the conclusion that the Judicial Council is a state entity.

### b.    Control.

"The second factor of control considers, first, how the directors and officers of the entity are appointed." *Kohn*, 87 F.4th at 1035 (internal quotation marks and citations omitted). The composition of the Judicial Council is prescribed by the California Constitution. Cal. Const. art. VI, § 6(d). The Judicial Council consists of the Chief Justice; another justice of the California Supreme Court, three justices of the California Courts of Appeal, ten judges of the California superior court, two nonvoting court administrators, and other nonvoting members, each of which is appointed by the Chief Justice; four members of the State Bar appointed by its Board of Trustees; and one member from each house of the Legislature appointed by that house. *Id.*; Cal. Rules of Ct., rules 10.2(a)(1), 10.3. The California Constitution also authorizes the Judicial Council to appoint an Administrative Director, who serves as the secretary of the Judicial Council and is a nonvoting member of the Council. Cal. Const. art. VI, § 6(c); Cal. Rules of Ct., rule 10.2(b)(4).

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

1   The authority to appoint officers, assistants, and other employees at the

2   Judicial Council is also dictated by the Legislature. Namely, the Legislature has

3   granted such authority to the Judicial Council. Cal. Gov. Code § 68500. The

4   appointment and composition of the members of the Judicial Council, along with its

5   staff, therefore takes place entirely at the state level.

6   The State's control over the Judicial Council, and the entire judicial branch,

7   also extends far beyond its composition. One notable example is the budget process.

8   The Legislature has tasked the Judicial Council with budget and fiscal management

9   of California's courts. Cal. Gov. Code §§ 68502.5, 77206. Following a lengthy,

10  internal review and approval process each year, the Judicial Council forwards a

11  proposed budget for the California's entire judicial branch to the Governor for

12  inclusion in the Governor's proposed State Budget. *Id.* § 68502.5; Cal. Rules of Ct.,

13  rule 10.101. Thus, while the Judicial Council participates in preparing the State's

14  judicial branch's budget, which includes the Council's own funding, the Governor

15  and Legislature are ultimately responsible for approval of the budget and funding the

16  judicial branch. *See* Cal. Gov. Code § 68506 (requiring salaries and expenses

17  incurred by the Judicial Council to be audited by the State Controller); *see also id.*

18  §§ 77100, 77101 (recognition by Legislature that the expenditure of state funds for

19  California's trial courts is "in the public interest and necessary …"); *id.* § 77200

20  (placing "sole responsibility for the funding of court operations" on the State). The

21  control factor therefore also clearly weights in favor of recognizing the Judicial

22  Council is a state entity.

23              c.      Treasury.

24  The final factor is the Judicial Council's "financial relationship to California

25  and its overall effects on California's treasury." *Kohn*, 87 F.4th at 1035 (citations

26  omitted). "In analyzing this third factor ... the relevant issue is a [s]tate's overall

27  responsibility for funding the entity or paying the entity's debts or judgments, not

28  whether the [s]tate would be responsible to pay a judgment in the particular case at

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

1    issue." *Id.* (internal quotation marks, citations, and emphasis omitted). Although "this

2    third factor is not dispositive[,]" and when "placed in its proper context, cannot

3    overcome the first two[,]" *Id.* at 1037, the treasury factor also favors the Judicial

4    Council's immunity.

5          California Government Code section 965 governs the payment of judgments

6    entered against a "judicial branch entity" or judge. *See* Cal. Gov. Code § 900.3

7    (defining "judicial branch entity" as "a public entity and [] any superior court, court

8    of appeals, the Supreme Court, [or] the Judicial Council[] …]; *id.* § 940.3 (same).

9    Section 965 provides in relevant part:

> … [C]laims, settlements, or judgments arising out of the
> activities of a judicial branch entity … or a judge thereof
> may be paid if the Judicial Council authorizes payment and
> the Administrative Director of the Courts certifies that
> sufficient funds for that payment exist from funds allocated
> to settlement, adjustment, and compromise of actions and
> claims. If sufficient funds for payment of settlements or
> judgments do not exist, the Administrative Director of the
> Courts shall report the settlements and judgments to the
> chairperson of either the Senate Committee on
> Appropriations or the Assembly Committee on
> Appropriations, who shall cause to be introduced
> legislation appropriating funds for the payment of the
> settlements or judgments. … *Id.* § 965.

20         California Government Code section 77204(a) further grants the Judicial

21   Council with the following authority:

> The Judicial Council shall have the authority to allocate
> funds appropriated annually to the State Trial Court
> Improvement and Modernization Fund for the purpose of
> paying legal costs resulting from lawsuits or claims
> involving … the Judicial Council, or a member or
> employee of the Judicial Council … and arising out of (1)
> the actions or conduct of a trial court, trial court bench
> officer, or trial court employee, (2) a challenge to a
> California rule of court, form, local trial court rule, or
> policy, or (3) the actions or conduct of the Judicial Council

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

or the Administrative Office of the Court affecting one or more trial courts and for which the state is named as a defendant or alleged to be the responsible party. *See also* Cal. Gov. Code §§ 77204(b) (defining "legal costs"), 77209 (establishing the State Trial Court Improvement and Modernization Fund maintained by the State Treasury).

Based on the foregoing, the State is unequivocally responsible for funding judgments entered against the Judicial Council or Chief Justice Guerrero. Plaintiffs' assertions that the Judicial Council is "financially self-sufficient" and "pays its own debts" are thus clearly erroneous. (*See* Dkt. No. 17 at 4:13-5:7.)

Plaintiffs' remaining attacks against the Judicial Council being a state entity are also meritless. Plaintiffs argue that the Judicial Council is a private entity because Chief Justice Guerrero is being represented by an outside law firm, as opposed to the State Attorney General, and the Judicial Council has a Dun & Bradstreet number and can therefore obtain loans. (*Id.* at 5:17-6:16.)

Regarding the former, California's Government Claims Act mandates that the Judicial Council "provide for representation, defense, and indemnification" for judges and justices of the California Courts of Appeal and California Supreme Court. Cal. Gov. Code § 811.9(a); Cal. Rules of Ct., rule 10.202(b); *see also* Cal. Gov. Code §§ 825(a), 995 (governing public entities' defense of their employees). In doing so, "[t]he Judicial Council shall provide for that representation or defense through the county counsel, the Attorney General, *or other counsel*. *Id.* § 811.9(a) (emphasis added); *see also id.* § 11045(e) (excluding the courts and any agency in the judicial branch of government from those state agencies who must obtain the Attorney General's consent to obtain outside counsel); *id.* § 996 (permitting public entities to provide defense of their employees by their own counsel or employing other counsel).[1] The California Rules of Court similarly allow the Judicial Council's Legal

---

[1]   Even when county counsel or the Attorney General are requested to provide representation or defense for a judge, they are not required to do so. Cal. Gov. Code § 811.9(a).

REPLY MEM. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1   Services office to select any counsel to represent any judge or justice named as a

2   defendant in a lawsuit. Cal. Rules of Ct., rule 10.202(b)(3). Not only is a private law

3   firm's representation of Chief Justice Guerrero in this matter therefore

4   inconsequential, but the Judicial Council's duty to provide for the representation,

5   defense, and indemnification of the Chief Justice further supports the State's control

6   over the Judicial Council and Chief Justice.

7        As to Plaintiffs' latter contention, they claim the fact that the Judicial Council

8   can obtain loans means it is a private entity. Plaintiffs, however, do not and cannot

9   explain how the ability to obtain a loan equates to being a private entity, let alone

10   how it impacts consideration of the intent, control, and treasury factors. Indeed, the

11   State of California itself appears on the last page of Plaintiffs' Dun & Bradstreet

12   report. (Dkt. No. 17, Ex. 1.) That the Judicial Council is listed by Dun & Bradstreet,

13   along with the State, has no bearing on whether it is a state entity.

14        Accordingly, all three factors outlined in *Kohn* confirm the Ninth Circuit's

15   holding 20 years ago in *Wolfe* that the Judicial Council is a state entity, and hence

16   Chief Justice Guerrero is a state official. Dismissal of Plaintiffs' action is therefore

17   warranted on the grounds that Chief Justice Guerrero is not a "person" within the

18   meaning of 42 U.S.C. § 1983, *Will v. Michigan Dept. of State Police*, 491 U.S. 58,

19   71 (1989); that no liability can lie against Chief Justice Guerrero under *Monell*,

20   *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d

21   963, 968 (9th Cir. 2010); and that Chief Justice Guerrero is entitled to Eleventh

22   Amendment immunity. *Wolfe*, 392 F.3d at 364; (*see* Dkt. No. 16-1 at 4:20-7:25.)

23   **B.   JUDICIAL IMMUNITY PRECLUDES PLAINTIFFS'**
      **CHALLENGE AGAINST ADVERSE CHILD CUSTODY**
24   **ORDERS**

25        Chief Justice Guerrero also moved to dismiss the FAC on judicial immunity

26   grounds insofar as Plaintiffs are attacking adverse child custody orders. (Dkt. No. 16-

27   1 at 8:26-9:28.) According to Plaintiffs, judicial immunity does not apply because

28   they are not challenging any "judicial acts" taken by Chief Justice Guerrero and are

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

1    instead "challeng[ing] statewide child-custody 'policies' set by Judicial Council."

2    (Dkt. No. 17 at 1:6-13.) The critical flaw in Plaintiffs' argument is that the theory of

3    their case would gut the doctrine of judicial immunity.

4          Plaintiffs do not dispute that judges are absolutely immune from suit for their

5    "judicial acts." Under Plaintiffs' theory, however, rather than directly suing a judge

6    in response to an adverse ruling, a disgruntled state court litigant can bypass judicial

7    immunity by suing the Chief Justice and alleging that the purportedly erroneous

8    ruling was the result of the Judicial Council's failure to properly train judges in the

9    particular area of law at issue. Plaintiffs also apparently believe that their theory

10   entitles them to damages arising from a judge's allegedly erroneous order. (Dkt. No.

11   8 ¶ 17 (praying for monetary damages "for each day [Plaintiffs] and their children

12   were wrongfully dispossessed of their fundamental rights"). Permitting dissatisfied

13   litigants to sue the Chief Justice under Plaintiffs' theory of liability cannot stand

14   because it would eviscerate the doctrine of judicial immunity.

15         "Although unfairness and injustice to a litigant may result on occasion, 'it is a

16   general principle of the highest importance to the proper administration of justice that

17   a judicial officer, in exercising the authority vested in him, shall be free to act upon

18   his own convictions, without apprehension of personal consequences to himself.'"

19   *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347

20   (1872)). A judge's errors should be corrected on appeal, not by subsequent civil

21   litigation because civil liability "would contribute not to principled and fearless

22   decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *In re*

23   *Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curiam). Thus, regardless of how

24   Plaintiffs characterize their suit against Chief Justice Guerrero, their action is nothing

25   more than an attempted end run around directly suing the judges who issued the

26   adverse child custody orders. Principles of judicial immunity therefore foreclose such

27   an action.

28   / / /

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

### C. THE *ROOKER-FELDMAN* DOCTRINE ALSO PROHIBITS PLAINTIFFS' ACTION

Finally, Chief Justice Guerrero moved to dismiss the FAC under the *Rooker-Feldman* doctrine, which prohibits federal courts from hearing de facto appeals of state court decisions. (Dkt. No. 16-1 at 10:1-11:17.) Similar to their contention concerning judicial immunity, Plaintiffs claim they are "challenging statewide judicial 'policy' which led to unconstitutional judicial kidnappings." (Dkt. No. 17 at 10:2-3; *see also id.* at 10:27-11:16, 11:21-13:21.) Plaintiffs also contend that *Rooker-Feldman* only applies to "final state-court judgments," and that a custody order is not a final judgment. (*Id.* at 11:17-20.) Plaintiffs' arguments are unavailing.

Just as Plaintiffs' theory of liability would enable them to circumvent judicial immunity, so too does their theory with regard to the *Rooker-Feldman* doctrine. While Plaintiffs purport to only attack a Judicial Council policy, the FAC specifically seeks monetary damages "for each day [Plaintiffs] and their children were wrongfully dispossessed of their fundamental rights." (Dkt. No. 8 ¶ 17; *see also id.* ¶¶ 62, 65(d).) Plaintiffs' statement that they are merely attacking a Judicial Council policy, and not the underlying child custody orders, is therefore specious.

Regarding Plaintiff's contention that *Rooker-Feldman* is limited to final judgments, the Ninth Circuit has held otherwise. Contrary to Plaintiff's assertion, *Rooker-Feldman* applies to state court interlocutory orders and non-final judgments. *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986) (recognizing *Rooker-Feldman* "should apply to state judgments even though state court appeals are not final"). Because Plaintiffs complain of alleged legal wrongs committed in state court, and they seek relief from the underlying orders in the form of monetary damages, Plaintiffs' action runs afoul of the *Rooker-Feldman* doctrine.

/ / /

/ / /

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

III.    **CONCLUSION**

For the reasons set forth above, and in the initial moving papers, the Court should grant Chief Justice Guerrero's motion to dismiss the FAC with prejudice.

Dated: February 12, 2024                    BEST BEST & KRIEGER LLP


By: /s/ Matthew L. Green
MATTHEW L. GREEN
Attorneys for Defendant
HON. PATRICIA GUERRERO,
Chief Justice of California and Chair
of the Judicial Council of California

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

D'Souza, et al. v. Guerrero
United States District Court, Central District of California,
Western Division, Case No. 23-cv-08230-SVW-E

## **PROOF OF SERVICE**

I, Lisa Atwood, declare:

I am a citizen of the United States and employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 655 West Broadway, 15th Floor, San Diego, California  92101.  On February 12, 2024, I served a copy of the within document(s):

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

FIRST AMENDED COMPLAINT

|☒| **By Electronic Service**.  Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's EC/ECF system. |
|---|---|

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 12, 2024, at San Diego, California.

_____
Lisa Atwood

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

- 1 -

25508.00152\41844328.1