T. MATTHEW PHILLIPS, ESQ.
Calif. State Bar No. 165833
4894 W. Lone Mountain Rd., No. 132
Las Vegas, Nevada 89130
Tel: (323) 314-6996
TMatthewPhillips@aol.com
*Plaintiffs' Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT of CALIFORNIA

|  |  |
|---|---|
| 1. **JASON D'SOUZA**<br>2. **KRISTINA EISENACHER**<br>3. **ROB EMERT**<br>4. **JENNIFER GARNICA**<br>5. **KRISTEN JOSEPH**<br>6. **RHONDA REYNA**<br>7. **PATRICIA BOONE**<br>8. **MARK FIDELMAN**<br>9. **DAVID KING**<br>10. **ALISA ROTHMAN**<br><br>*Plaintiffs*<br><br>vs.<br><br>**HON. PATRICIA GUERRERO**<br>*In Her Honor's Official Capacity*<br>*as Council Chair for the*<br>*Judicial Council of California*<br><br>*Defendants* | Case No.: 2:23-cv-08230-SVW-E<br><br>PLAINTIFFS'<br>REQUEST *for* JUDICIAL NOTICE<br>*of* ELKINS TASK FORCE REPORT.<br>[*Filed in Conjunction with Plaintiffs' Opposition to Motion to Dismiss*].<br><br>*Hon. Judge Stephen V. Wilson*<br><br><u>Next Hearing</u>:<br>**Mar. 18, 2024 (1:30 p.m.)**<br>First Street Courthouse<br>350 W. First Street<br>L.A. Calif., 90012<br>Courtroom 10A |

*Request for Judicial Notice of Elkins Task Force Report*

# REQUEST *for* JUDICIAL NOTICE

## I.  Elkins Task Force Report.

Elkins Task Force Report:  As per F.R.E. § 201(b)(2), Plaintiffs ask the court to judicially notice a document called *Elkins Family Law Task Force*, FINAL REPORT AND RECOMMENDATIONS, APRIL 2010, [*see*, Exhibit No. "1"; (attached)].  The *Elkins Report* is capable of being "accurately and readily determined from sources whose accuracy cannot reasonably be questioned," [*see* F.R.E. § 201(b)(2)].

Taking Judicial Notice:  This court, *respectfully*, "must" take judicial notice, "if a party requests it and the court is supplied with the necessary information," [*see* F.R.E. § 201(c)(2)].

Timing of the Request:  Courts may take judicial notice at any stage of the proceedings, [*see* F.R.E. § 201(d)].

## II.  The Elkins Task Force Report.

The Elkins Task Force:  In *Elkins v. Superior Court*, [(2007) 41 Cal. 4th 1337], the court urged the Judicial Council to establish a blue ribbon commission—to recommend measures for family court reform.  The *Elkins Family Law Task Force* was thus established to examine family law reform. In 2010, the *Elkins Family Law Task Force* presented to the Judicial Council its recommendations for family court reform.

Relevance:   The *Elkins Report* is probative because it tends to prove Plaintiffs' central thesis, *i.e.*, that the family court system maintains a policy of not reconizing the Constitution, [F.R.E., Rule 401].

Elkins Report—Point No. 1:  The *Elkins Report* fails to acknowledge that parenting is a fundamental right under the 14th Amendment, [*see Meyer vs. Nebraska*, 262 U.S. 390 (1923)].

1   <u>Elkins Report—Point No. 2</u>:  The *Elkins Report* fails to acknowledge
2   that family judges adjudicate criminal allegations using the preponderance
3   standard, instead of the constitutional standard, ("beyond a reasonable
4   doubt"), and further, that family judges adjudicate criminal allegations with
5   no constitutional safeguards or procedures, (*e.g.*, right to remain silent,
6   presumption of innocence, assistance of counsel, jury trials, *etc.*).

7   <u>Elkins Report—Point No. 3</u>:   The *Elkins Report* fails to acknowledge
8   the *Troxel Fitness Presumption*, *i.e.*, "[t]here is a presumption that fit parents
9   act in their children's best interests," [*see* <u>Troxel vs. Granville</u>, 530 U.S. 57, 58
10  (2000)].  Two "fit" parents decide the "best interests"; where there are two
11  "fit" parents, the state has no business entering the private family realm.

12  <u>Elkins Report—Point No. 4</u>:   The *Elkins Report* fails to acknowledge
13  the "strict scrutiny" requirement.  On those occasions when it does become
14  necessary to restrict or limit one's custodial rights, there must be strict
15  scrutiny analysis—to determine whether the physical custody order is
16  narrowly tailored, *i.e.*, "*Is this the least-restrictive custodial timeshare?*"

17  <u>Elkins Report—Point No. 5</u>:  The *Elkins Report* is available online.
18  The *Elkins Report* is a 95-page pdf—containing a total of 34,728 words; and
19  yet, remarkably, the *Elkins Report* never mentions the term, "**Constitution**."
20  [*See* https://www.courts.ca.gov/documents/elkins-finalreport.pdf]

21  <u>Elkins Report Ignores the Constitution</u>:  Plaintiffs see a glaring defect
22  in the *Elkins Report—i.e.*, it never mentions the term, "Constitution."
23  Plaintiffs wonder aloud—how can the Judicial Council expect to reform
24  family court—without the Constitution?  Also conspicuously missing from
25  the *Elkins Report* are the adjectives, *constitutional* and *unconstitutional*.
26  So too, the report never mentions the terms, "fit parents," "parental rights,"
27  "civil rights," "fundamental rights," or "inalienable rights," which aptly
28  illustrates the lack of concern for the People's rights.

<u>The Supreme Law of the Land</u>:  Bluntly put, the *Elkins Task Force* acted with conscious disregard for the supreme law of the land.  The reality is this—true family court reform will never happen unless or until the judiciary acknowledges the "right to parent" as a constitutional right, [*see, e.g.*, *Meyer vs. Nebraska*, 262 U.S. 390 (1923)].

<u>The Elkins Report Proves Plaintiffs' Case</u>:  The *Elkins Report* speaks volumes.  The *Elkins Report* demonstrates the following—

(i) Judicial Council does not recognize parenting as a federally protected right under the Liberty Clause of the 14th Amendment;

(ii) Judicial Council does not recognize that family judges adjudicate criminal allegations based on the mere preponderance standard, (instead of "beyond a reasonable doubt"), or, that family judges adjudicate criminal allegations with no constitutional safeguards or procedures, (*i.e.*, no presumption of innocence, no right to remain silent, no assistance of counsel, no trial by jury, *etc.*);

(iii) Judicial Council does not recognize the *Troxel* fitness presumption, *i.e.*, that fit parents presumptively act in their children's best interests;

(iv) Judicial Council does not recognize the obligation to undertake strict scrutiny analysis—in instances where the state must restrict or limit custodial rights, (*i.e.*, based on child abuse, child neglect, child abandonment, or child endangerment);

(v) Judicial Council does not recognize "constitutional" standards as paramount to "best interests of the child" standards.

////

////

////

### III. Summary & Conclusion.

<u>Summary and Conclusion</u>: Plaintiffs respectfully ask this court to grant their request, per F.R.E. § 200, to take judicial notice of the *Elkins Family Law Task Force*, FINAL REPORT AND RECOMMENDATIONS, APRIL 2010, [*see*, Exhibit No. "1"; (attached)],

Dated: **Mar. 6, 2024**          *Respectfully Submitted,*

*T. Matthew Phillips*
T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
Telephone: (323) 314-6996
TMatthewPhillips@aol.com
*Plaintiffs' Counsel*

\*   \*   \*

**PROOF-of-SERVICE**

I am an individual over the age of eighteen and not a party to the within action.  My business address is 4894 W. Lone Mtn. Rd., No. 132, Las Vegas, Nev. 89130.  My phone number is (323) 314-6996.

On **Mar. 6, 2024**, I served the following:

**Request for Judicial Notice (Elkins Task Force Report);**

on an interested party in the above-entitled action by

__X__ via e-mail transmission, (U.S. e-filing system)

_____ personal service on the person below listed,

__\_\_\_ depositing it in the U.S. Mail, postage prepaid,

and addressed to the person below listed,

> **MATTHEW L. GREEN, Bar No. 227904**
> **BEST BEST & KRIEGER LLP**
> **655 West Broadway, 15th Floor**
> **San Diego, California 92101**
> **Telephone: (619) 525-1300**
> **Facsimile: (619) 233-6118**
> **matthew.green@bbklaw.com**

I declare under penalty of perjury under Nevada law, the foregoing is true and correct.

Dated: **Mar. 6, 2024**

/s/ T. Matthew Phillips   .
Declarant